UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELIOT BROWN,

                Plaintiff,

v.

KILOLO KIJAKAZI,

                Defendant.

**MEMORANDUM & ORDER**
22-CV-04123 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On July 14, 2022, Plaintiff Eliot Brown filed a complaint pursuant to 42 U.S.C. § 405(g) against the acting Commissioner of the Social Security Administration ("SSA"), seeking review of the Defendant's decision to deny Plaintiff's claim for a period of disability and disability insurance benefits. ECF No. 1. Presently before the Court is Defendant's motion to transfer venue to the Eastern District of North Carolina.[1] ECF 9. For the reasons set forth below, Defendant's motion is granted.

## BACKGROUND

In September 2017, Plaintiff filed an application for disability insurance benefits with the SSA and identified an address in Queens Village, New York, as his mailing address. ECF No. 9-2 at 2, 8, 14. The mail addressed to Plaintiff at his listed Queens Village address was returned

---

[1] While Defendant did not indicate to which district in North Carolina it seeks to transfer the case, the Court reviewed Defendant's exhibits, which identify Plaintiff's address, *see* ECF No. 9-2 at 28, and determined that the listed address straddles North Carolina's Edgecombe and Nash counties. Pursuant to 28 U.S.C. § 113(a), Edgecombe and Nash counties are located in the Eastern District of North Carolina. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (finding that court may consider matters of which judicial notice may be taken); Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

undeliverable with a forwarding address in North Carolina. *Id.* In October 2020, Plaintiff filed a subsequent application for disability insurance benefits wherein Plaintiff reported that his mailing address was in North Carolina, but indicated that he did not reside there. *Id.* at 2, 17, 20. Due to the conflicting information, Defendant contends that SSA staff contacted Plaintiff's representatives to confirm Plaintiff's address on three occasions: (i) on November 16, 2020, Plaintiff's counsel indicated by telephone that Plaintiff lived in New York; (ii) on November 23, 2020, Plaintiff's counsel's office indicated by telephone that Plaintiff's address was in North Carolina; and (iii) on December 3, 2020, Plaintiff's counsel's office advised by letter that Plaintiff's address was in "Rocky Mount, North Carolina" and asked the SSA to modify its records to reflect the "new address." *Id.* at 3, 24, 26, 28.

On April 15, 2021, Plaintiff attended a "consultative examination" in connection with his October 2020 application for disability insurance benefits in North Carolina. *Id.* at 3, 30–37. On July 12, 2021, a notice of award finding Plaintiff disabled as of January 3, 2021, was sent to Plaintiff's mailing address in North Carolina. *Id.* at 3, 38–43. On August 25, 2021, a notice of affirmation and order of the SSA's Appeals Council regarding Plaintiff's disability benefits for the period prior to January 3, 2021, was sent to Plaintiff's mailing address in North Carolina. *Id.* at 3, 45–50. The notice indicated that Plaintiff's claim file was being forwarded to the SSA hearing office in North Carolina. *Id.*

On July 14, 2022, Plaintiff filed a complaint challenging the denial of disability insurance benefits in this District and indicated that he is a resident of Yonkers, New York. ECF No. 1 at 1.[2] On October 25, 2022, Plaintiff amended his complaint and indicated that he is a resident of

---

2  Plaintiff's counsel stated that his office mistakenly listed Yonkers as Plaintiff's residence. *See* ECF No. 10 at 1.

Brooklyn, New York. ECF No. 7 at 1. Defendant contends that a review of Plaintiff's SSA records show that, as of January 18, 2023, Plaintiff had not updated his address to indicate that he resides in Brooklyn, and that the SSA's most recent communication by mail was sent to Plaintiff's last-known North Carolina address on November 19, 2022. ECF No. 9-2 at 3.

On January 25, 2023, Defendant filed a motion to transfer venue arguing that Plaintiff resides in North Carolina. ECF No. 9-1. On February 8, 2023, Plaintiff filed his opposition. ECF No. 10.

## LEGAL STANDARD

"Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), allows federal courts to review final decisions of the Commissioner of Social Security." *Meisner v. Kijakazi*, No. 22-cv-100, 2022 WL 824134, at *1 (E.D.N.Y. Mar. 18, 2022).[3] Pursuant to Section 405(g), actions "under the Social Security Act must be venued in the district where the plaintiff resides." *Alessandra v. Colvin*, No. 12-cv-397A, 2013 WL 4046295, at *2 (W.D.N.Y. Aug. 8, 2013); *see also* 42 U.S.C. § 405(g) ("Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia."). For the purposes of determining the proper venue, the residence of a natural person is "the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). "Domicile is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another. For adults, domicile is established

---

[3] Unless noted, case law quotations in this order accept all alterations and omit all internal quotation marks, citations, and footnotes.

by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

Section 405(g) of the Social Security Act does not specify whether defendant or plaintiff bears the burden of establishing venue when it is challenged, but under 28 U.S.C. § 1391—the general venue provision— "once venue has been challenged, the plaintiff . . . has the burden of establishing that the chosen venue is proper." *Alessandra*, 2013 WL 4046295, at *2 (finding that plaintiff has burden of establishing venue once it is challenged in action pursuant to Social Security Act); *see also Meisner*, 2022 WL 824134, at *1 (finding that "whether venue is wrong or improper is generally governed by 28 U.S.C. § 1391" in action pursuant to Social Security Act). In the event that a plaintiff fails to meet that burden, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## DISCUSSION

Defendant argues that Plaintiff's case should be transferred to the Eastern District of North Carolina because: (i) "agency records establish that Plaintiff resides in" North Carolina, ECF No. 9-1 at 2, and (ii) even if he maintains a residence in Brooklyn he is not domiciled there for the purposes of determining the proper venue, *id.* at 4 n.3. ECF No. 9-1 at 2. In response, Plaintiff contends that: (i) he resides in Brooklyn; (ii) he maintained a residence with his mother in North Carolina between October 2017 and January 2023 because of, among other things, financial difficulties; and (iii) he is transient and as a result, spent several months in Atlanta, Georgia between 2020 and 2021, and was most recently "forced to relocate" to Riverview, Florida, in January 2023, where he executed a six-month lease. ECF No. 10 at 2. Plaintiff

4

maintains that "[a]lthough [he] has been transient since the filing of his application due to financial issues relating to his inability to work, medical necessity related to where he could obtain insurance coverage, and family obligations, Plaintiff's primary residence has consistently remained in Brooklyn, New York." *Id.* The Court disagrees and finds that Plaintiff has failed to establish that he is domiciled in this District.

Plaintiff alleges that although he signed a six-month lease in Florida in January 2023, and "maintained a residence" in North Carolina between October 2017 and January 2023—a period of over four years during which he filed his applications for disability insurance benefits—that the Court should still find that he is domiciled in Brooklyn. Plaintiff has not met his burden of establishing that he "intend[s] to remain" in Brooklyn beyond conclusory statements. *See Mississippi Band of Choctaw Indians*, 490 U.S. at 48 ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."). Plaintiff has not submitted a "sworn statement (from [him] or [his] counsel) or other evidence as to what place [he] considered [his] residence." *Alessandra*, 2013 WL 4046295, at *3. Rather, he merely states in his opposition to the motion that he is "transient" due to, among other things, financial difficulties and that his time in North Carolina was only temporary. *See generally* ECF No. 10. The Court finds these assertions to be insufficient to establish domicile in this District, especially in light of the overwhelming evidence that Plaintiff received and continues to receive information concerning his disability benefits at his North Carolina mailing address. *See Alessandra*, 2013 WL 4046295, at *3 ("[T]he unsworn assertion of counsel of . . . facts [concerning residence] beyond the personal knowledge of counsel is not sufficient as proof of plaintiff's residence or [his] intentions regarding [his] domicile."); *see also* ECF No. 9-2 at 3

5

(noting that Plaintiff has not updated his address to indicate that he resides in Brooklyn, and that communications by mail were most recently sent to Plaintiff's North Carolina address).

Given the absence of additional proof of Plaintiff's residence in Brooklyn, the overwhelming evidence that Plaintiff resides in North Carolina, and Plaintiff's own assertions that financial issues, medical necessity, and family obligations—circumstances that have not changed—required him to maintain a mailing address and to reside in North Carolina, ECF No. 10 at 2, Defendant's motion to transfer venue to the Eastern District of North Carolina is granted.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to transfer venue is GRANTED. The Clerk of Court is respectfully directed to transfer the action to the Eastern District of North Carolina.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
March 28, 2023